UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DANICE ALMOND,

                Plaintiff,

  -against-

PJ FAR ROCKAWAY, INC., PJ TEAM INC.,
AJAY CHOUDHARY,

                Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:15-cv-06792-FB-JO

*Appearances*:
*For Plaintiff*:
ABDUL KARIM HASSAN
Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, NY 11427

*For Defendants*:
ERIC SU
ROSHNI CHAUDHARI
SAIMA ZUBERI SHEIKH
Ford & Harrison LLP
One Grand Central Place
60 East 42nd Street, Suite 5100
New York, NY 10165

DANIELLE JUSTINE MOSS
Proskauer Rose, LLP
Eleven Times Square
Office 1936
New York, NY 10036-8299

**BLOCK, Senior District Judge:**

     Danice Almond sued PJ Far Rockaway, Inc., PJ Team Inc., and Ajay Choudhary under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650, to recover unpaid overtime wages earned while she was employed as a pizza maker at a Papa John's restaurant owned and operated by the defendants. After the conclusion of document discovery, Almond accepted defendant's Offer of Judgment for $9,000, including costs. The Offer of

Judgment left the determination of attorney's fees to the Court.

Plaintiff's counsel, Abdul Hassan, now moves for attorney's fees. He seeks compensation for 54.75 hours at a rate of $450 per hour, totaling $24,637.50. He also seeks costs. Defendants do not oppose the motion.[1] For the reasons discussed below, the Court grants Hassan's motion as to attorney's fees and denies costs.

**I**

Both the FLSA and the NYLL allow for an award of "reasonable" attorney's fees and costs. 29 U.S.C. § 216(b); N.Y. Labor L. § 198(1-a). Under the lodestar method, a "reasonable" fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002).

**A. Reasonable Hourly Rate**

A reasonable hourly rate is the "rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The Court looks to prevailing rates in this district for "similar services of lawyers of reasonably comparable skill, experience,

---

[1] Given defendants' failure to oppose, the Court may be justified in granting the motion without further analysis. However, that course of action "would arguably be inconsistent with the spirit of Fed.R.Civ.P. 55(b)(2), which requires a Court to make a determination of damages even in the case of default as long as a sum certain is not sought in the complaint." *Yea Kim v. 167 Nail Plaza, Inc.*, 2009 WL 77876, at *3 (S.D.N.Y. Jan. 12, 2009) (adopting R&R).

2

and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). It determines the prevailing rate based on evidentiary submissions by the parties, rates awarded in other cases, and its own familiarity with prevailing rates in the district. *See Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 210–11 (2d Cir. 2005).

Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit. *See, e.g.*, *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 380 (2d Cir. 2017) (considering definition of "serious health condition" under the FLSA); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (deciding, as a matter of first impression, that stipulated dismissals with prejudice of FLSA claims require the approval of the district court or the Department of Labor); *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013) (directing lower courts to apply a broad definition of "employee" for FLSA pleading purposes). In 2014, Judge Cogan stated that Hassan's skill and experience would warrant a fee of $400 or more "in a proper case." *Encalada v. Baybridge Enterprises Ltd.*, 2014 WL 4374495, at *3 (E.D.N.Y. Sept. 2, 2014) (awarding Hassan $350 per hour).

As the court observed in *Sass v. MTA*, attorneys of significant experience and reputation in this district have been awarded $300 to $450 per hour. *See Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (collecting cases). However, several years have passed since *Sass* was decided, and attorney's fees, like other goods and

3

services, increase in cost with inflation. Moreover, Hassan's experience has grown since Judge Cogan observed that he would be entitled to $400 or more in a proper case. Given the passage of time, Hassan's considerable experience in employment and wage litigation, and his intervening experience since 2014, $450 per hour is a reasonable rate.

**B. Hours Reasonably Expended**

The number of hours reasonably expended is the difference between the actual hours expended and any "excessive, redundant, or otherwise unnecessary" time. *Hensley*, 461 U.S. at 434. Hours must be documented with "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Hassan submits detailed records with appropriate entries regarding the nature of each task and the time spent on its completion. Although this case ended in an offer of judgment, it proceeded through paper discovery and involved several complications in collecting the settlement amount. The Court therefore concludes that Hassan's claimed 54.75 hours are reasonable.

For 54.75 hours at an hourly rate of $450, Hassan is entitled to a fee award of $24,637.50. He is also entitled to post-judgment interest on the award of attorney's fees from July 17, 2017, the date of entry of judgment. *See Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, 2013 WL 527199, at *13 (E.D.N.Y. Feb. 11, 2013). Post-judgment

interest shall be calculated under the standard set forth in 28 U.S.C. § 1961.

**C. Costs**

Hassan also seeks $615 in costs. However, the $9,000 amount stipulated in the Offer of Judgment explicitly and unambiguously included costs. *See* Offer of J. ¶ 1. The unambiguous terms of an offer of judgment must be enforced. *See Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016). The Court therefore declines to award costs.

### III

For the foregoing reasons, the motion is GRANTED as to fees with post-judgment interest from the date of entry of the Clerk's Judgment and DENIED as to costs.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 15, 2018